**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANTHONY PENTON, | No. 15-15461 |
| Plaintiff-Appellant, | D.C. No. 2:11-cv-03319-TLN-KJN |
| v. | |
| SIMMS; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Troy L. Nunley, District Judge, Presiding

Submitted September 13, 2016**

Before:    HAWKINS, N.R. SMITH, and HURWITZ, Circuit Judges.

California state prisoner Anthony Penton appeals pro se from the district

court's judgment in his 42 U.S.C. § 1983 action alleging due process violations in

connection with his placement in administrative segregation and his disciplinary

hearing.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo

---

\*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

summary judgment and a dismissal under Fed. R. Civ. P. 12(b)(6). *Doe v. Abbott Labs*, 571 F.3d 930, 933 (9th Cir. 2009). We affirm.

The district court properly dismissed Penton's due process claims regarding his placement in administrative segregation and the timing of his disciplinary hearing because Penton failed to allege facts sufficient to show that he was denied any procedural protections that were due. *See Wolff v. McDonnell*, 418 U.S. 539, 563-70 (1974) (setting forth due process requirements for prison disciplinary proceedings); *Toussaint v. McCarthy*, 801 F.2d 1080, 1100-01 (9th Cir. 1986) (setting forth due process requirements for placement in administrative segregation), *abrogated in part on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995).

The district court properly granted summary judgment on Penton's claim alleging a denial of his right to call witnesses because Penton failed to raise a genuine dispute of material fact as to whether he properly exhausted his administrative remedies, or whether administrative remedies were effectively unavailable to him. *See Woodford v. Ngo*, 548 U.S. 81, 84, 90 (2006) (requiring proper exhaustion, which means "using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)" (emphasis, citation, and internal quotation marks omitted)); *Sapp v. Kimbrell*, 623

F.3d 813, 822-24, 826-27 (9th Cir. 2010) (describing limited circumstances under which administrative remedies might be effectively unavailable or otherwise excused).

**AFFIRMED.**